Eastern District of Kentucky
FILED
FEB 10 2023
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 22-CR-125-DCR

UNITED STATES OF AMERICA                                                         PLAINTIFF

V.                                            **PLEA AGREEMENT**

SEAN RYAN REARDON                                                                DEFENDANT

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. The United States will dismiss the remaining counts at the time of sentencing. The Defendant also agrees to forfeit the items in the Forfeiture Allegation.

2. The essential elements of 18 U.S.C. § 2251(a) are:

   (a) The Defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

   (b) The Defendant knew or had reason to know that such visual depiction would be transported or transmitted using a means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, or the visual depiction was produced or transmitted using materials that were mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

3.  As to the offense charged in the Indictment, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts. The Defendant acknowledges that the facts admitted under this paragraph are not all of the facts that the Government would prove at trial.

(a) Victim #1, born in 2005, met the Defendant in approximately Fall 2019. In early 2020, the Defendant and Victim #1 began communicating on Snapchat. Victim #1, experiencing problems at home, later began staying at the Defendant's home with his family on a regular basis. In March 2021, Victim #1 and the Defendant began having sexual contact at his home and other locations, and such sexual contact continued through March 2022. The Defendant then began to capture, using his Samsung Galaxy S10 cellphone, pictures and videos of himself and Victim #1 engaged in genital-genital and oral-genital sexual intercourse. Where available, the EXIF data provide "create" dates for these pictures and videos ranging from July 2021 to March 2022. The Defendant and Victim #1 also exchanged or transmitted to one another sexually explicit visual depictions through Snapchat and Google Duo.

(b) The Defendant admits that he knowingly used, persuaded, enticed, induced or coerced Victim #1, a minor, to engage in sexually explicit conduct for the purpose of creating a visual depiction of that conduct and did so in the Eastern District of Kentucky. The Defendant admits that, at times, he used a computer or interactive computer service to persuade, entice, induce, coerce, or otherwise solicit the minor to engage in sexually explicit conduct and that he knew or had reason to know that the sexually explicit visual depictions would be transmitted or transported by the minor via the internet, a means or facility of interstate commerce. The Defendant admits that he also captured sexually explicit visual depictions of himself and Victim #1 engaged in sexual intercourse at his house using a cellphone manufactured outside of Kentucky that had traveled in interstate or foreign commerce prior to being used to produce the sexually explicit visual depictions.

4.  The statutory punishment for the offense is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of

supervised release of not less than 5 years and up to life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. §2259A(a)(3), an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1). Also, mandatory restitution under 18 U.S.C. § 2259 may be applied.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) The United States Sentencing Guidelines (U.S.S.G.) Manual in effect at the time of sentencing will determine the Defendant's guideline range. The November 1, 2021, Manual guideline calculations are listed below.
>
> (b) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.
>
> (c) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved a sexual act or sexual contact.
>
> (d) Pursuant to U.S.S.G. § 2G2.1(b)(6)(B), increase the offense level by 2 levels because the Defendant used a computer or interactive computer service to

persuade, induce, or entice the minor to engage in sexually explicit conduct or to otherwise solicit participation by a minor in such conduct.

(e) Pursuant to U.S.S.G. § 4B1.5(b), increase the offense level by 5 levels because the Defendant's offense of conviction is a covered sex crime and the Defendant engaged in a pattern of activity involving prohibited sexual conduct.

(f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(g) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing. The Defendant agrees to pay restitution equal to the loss caused to any victim of the offense of conviction, or any victim of the Defendant's relevant conduct—including sexually explicit images he produced, received, or possessed—pursuant to 18 U.S.C. §§ 2259, 3663 and/or 3663A.

6. No agreement exists about the application of U.S.S.G. § 2G2.1(b)(5), which would increase the offense level by 2 levels if the minor was in the care, custody, or control of the Defendant. Further, no agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea and conviction.

9. The Defendant will forfeit to the United States all interest in any property that was used to commit or promote the commission of the offense, and will execute any

documents necessary for this forfeiture. Specifically the Defendant will forfeit his interest in the property listed in the forfeiture allegation of the indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that the United States could prove that a nexus exists between the property and the offense. The defendant waives the provisions of 32.2 pertaining to the timing of entry of forfeiture orders.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from

the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, information relating to intended foreign travel, or other relevant information. *See* 34 U.S.C. 20914(a) & (c). The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will

be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 2/10/23      By: _____
                       Mary L. Melton
                       Assistant United States Attorney

Date: 2/10/23          _____
                       Sean Ryan Reardon
                       Defendant

Date: 2/10/23          _____
                       Philip C. Lawson
                       Attorney for Defendant

8