UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
CRIMINAL NO. 5:22-CR-125-DCR
***ELECTRONICALLY FILED***

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                          **DEFENDANT, SEAN REARDON'S,
                              SENTENCING MEMORANDUM**

SEAN RYAN REARDON                                                                                          DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comes the Defendant, Sean Reardon, by and through counsel, and files his Sentencing Memorandum addressing unresolved objections and the 18 U.S.C. § 3553(a) sentencing factors. Per the below, Defendant requests a sentence of 263 months, which is the mid-point sentence for criminal history category I and offense level 38. In support, Defendant states as follows:

I.     **UNRESOLVED OBJECTIONS**

   a.  **§2G2.1(b)(5)**

On April 13, 2023, United States Probation (USPO) submitted its first draft of the presentence report to counsel. Presentence Report, April 13, 2023, Page 1. Per the report, USPO made numerous factual findings contained in Paragraphs 7 through 13 regarding the "offense conduct." Id. at Page 4-5, Paragraphs 7-13. Within those paragraphs, there is no reference, at all, to Defendant being considered a parent, custodian, relative, or otherwise in supervisory control over "Victim #1" referenced in the offense conduct. Id. In fact, there are no statements of fact that support this finding in the offense conduct. Id. Same goes for the plea agreement. (DE 36, Page ID 91). Nonetheless, USPO imposed a two-level increase under §2G2.1(b)(5) because Defendant was found as such. Presentence Report, April 13, 2023, Page 6, Paragraph 20.

1

Interpretation of §2G2.1(b)(5) is a legal issue subject to *de novo* review. *United States v. Sweeney,* 891 F.3d 232, 237 (6th Cir. 2018). Factual findings underpinning application are reviewed for clear error. *Id.* When considering whether an individual satisfies one of the undefined terms contained in §2G2.1(b)(5), such as "parent," "guardian," or "supervisory control," the common meaning of these terms must be used. *Id.* (undefined term "parent" given ordinary meaning.). Furthermore, "the court should look to the actual relationship that existed between the Defendant and minor and not simply to the legal status of the defendant-minor relationship." §2G2.1, note 5(A).

In this case, there is no evidence in the plea agreement or offense conduct supporting the conclusion that Defendant's relationship with Victim #1 satisfied §2G2.1(b)(5). Granted Defendant had a sexual relationship with Victim #1 and engaged in other sexually explicit conduct, that does not mean he exercised supervisory authority over her. Therefore, §2G2.1(b)(5) should not be applied.

    b.  §1B1.3(a)(1)(A)

Within the offense conduct section, USPO made numerous references to "Victim #1" that alleged occurred between 2016 and 2019. Presentence Report, Pages 3-5; *see also* Id. at Paragraph 8. Victim #1 relates to Count 2 of the Indictment. (DE 1, Page ID 2). Count 2 is subject to dismissal at sentencing per the plea agreement. (DE 36, Page ID 90). Furthermore, this alleged conduct occurred before Victim #2 began communicating with Defendant in 2020. Presentence Report, Page 3, Paragraph 7; *see also* Indictment, DE 1, Page ID 2.

Given the above, allegations relating to Victim #1 are irrelevant under §1B1.3(a)(1)(A) because they did not occur during the commission of the offense of conviction. Therefore, they cannot be considered in determining Defendant's guideline range. At this time, it appears USPO

did not apply these allegations to determine the guideline range in the PSR. However, in the event they were considered, Defendant objects to their usage as irrelevant.

## II.  3553(a) SENTENCING FACTORS

At the sentencing, the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the need for the sentence imposed: 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and, 4) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner." 18 USC 3553(a)(2)(A-D). Also, the Court shall also consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 USC 3553(a)(1).

## III.  MEMORANDUM

Defendant has plead guilty to very serious charges involving troubling conduct with a 16-year-old minor. He has acknowledged this conduct to avoid anyone from having to relive them during a jury trial. Furthermore, he is genuinely remorseful for what he has done. **Exhibit 1** – Letter to Court. However, what should not be lost in the §3553(a) analysis is the positive aspects of Defendant's life.

For most of his adult life, Defendant was gainful employed and actively raised his two children. He was loved by his family for his considerate conduct. **Exhibit 2** – Letters of Support. Despite the present situation, Defendant and his spouse, Amber Reardon, remained married and committed to one another and their children. Id. Furthermore, prior to this incident, Defendant has never been convicted of a crime, much less charged with one. Therefore, a mid-point sentence

of 263 months is appropriate under the §3553(a) factors, including avoidance of disparity sentencing.

## IV. CONCLUSION

Based upon the above, Defendant moves this Court to impose a sentence of 263 months, which is the mid-point of Defendant's recommended guideline range, and consistent with the §3553(a) factors.

Respectfully submitted,

TRUE GUARNIERI AYER, LLP
124 Clinton Street
Frankfort, Kentucky 40601
Phone: (502) 605-9900
Fax: (502) 605-9901
plawson@truelawky.com

*/s/ Philip C. Lawson*
PHILIP C. LAWSON
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing has been filed on this the 12th day of May, 2023 via the CM/ECF System and served by email upon the following:

Hon. Danny C. Reeves
Reeves_chambers@kyed.uscourts.gov

*/s/ Philip C. Lawson*
PHILIP C. LAWSON
ATTORNEY FOR DEFENDANT
